## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CHARLES HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-cv-1014 |
| | ) |
| MARCUS HARDY, *Warden*, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R  &  O P I N I O N**

This matter is before the Court on Petitioner Charles Howard's Petition for Writ of Habeas Corpus (Doc. 1) and Respondent Marcus Hardy's Motion to Dismiss Habeas Petition (Doc. 16). Petitioner has filed a Response to the Motion (Doc. 18). For the following reasons, Respondent's Motion to Dismiss is granted, and Petitioner's Petition for Writ of Habeas Corpus is dismissed.

### PROCEDURAL HISTORY

Petitioner was convicted of armed robbery in January 1996.[1] (Doc. 16-1 at 3). In February 1996, the trial court sentenced Petitioner to a term of life in prison. (Doc. 16-1 at 4). Petitioner appealed, arguing that his right to a speedy trial had been violated, and that his counsel was ineffective. (Doc. 16-2 at 4). The state appellate court affirmed the trial court's decision on June 30, 1997. (Doc. 16-2 at 4). Petitioner did not appeal that decision to the highest state court. (Doc. 1 at 2).

---

[1] In his Petition, Petitioner lists his conviction date as April 21, 1995. (Doc. 1 at 1). Petitioner apparently confused the date of his conviction in Illinois with that of a separate conviction in Michigan, which was in April 1995. (See Doc. 16-2 at 1-3).

Petitioner had previously been convicted of a separate crime in Michigan in 1995, and was serving a sentence of ten to twenty years in a Michigan prison. (Doc. 16-2 at 1). Therefore, at the time Petitioner was charged in Illinois, he was in the custody of the state of Michigan, and was only temporarily in Illinois for the court proceedings related to his Illinois charges. (Doc. 16-2 at 2-3). Following Petitioner's conviction in Illinois, Petitioner returned to Michigan to carry out his ten to twenty year sentence there. It was not until 2006 that Petitioner was released from prison in Michigan. Petitioner's incarceration in Illinois began March 2, 2006. (Doc. 18 at 2-3).

In December 2009, approximately twelve years following the state appellate court's decision, Petitioner filed a petition for postconviction relief. (Doc. 16-2 at 4). The trial court dismissed Petitioner's postconviction petition on February 8, 2010, finding his claims lacked merit and were frivolous, and that Petitioner "failed to state the gist of a constitutional claim." (Doc. 16-2 at 5). On September 16, 2011, the state appellate court affirmed the dismissal. (Doc. 16-2 at 1). Petitioner then filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court, which was denied on January 25, 2012. *People v. Howard*, 963 N.E.2d 248 (Table) (Ill. 2012).

## DISCUSSION

On December 19, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody, raising four claims. (Doc. 1 at 1, 5-9). First, Petitioner argues that his right to a speedy trial was violated because more than 180 days passed between Petitioner's indictment and his trial. (Doc. 1 at 5-7). Second, Petitioner argues that his counsel was ineffective, and thus violated his

Sixth and Fourteenth Amendment rights by: 1) failing to communicate with Petitioner and review discovery materials with him; 2) failing to properly cross-examine or impeach state witnesses; 3) failure to raise the speedy trial issue to the trial court; 4) failing to argue that the line up in which Petitioner was identified was improper; and 5) not being present during the lineup. (Doc. 1 at 5). Third, Petitioner argues that his sentence is void because he was improperly classified as a habitual offender. (Doc. 1 at 8). Lastly, Petitioner argues that his counsel at trial and on direct appeal was ineffective for not raising the habitual offender issue. (Doc. 1 at 8).

On February 23, 2013, Respondent filed the instant Motion to Dismiss the Petition, arguing the Petition is untimely under 28 U.S.C. § 2244(d). (Doc. 16). The Court agrees that the Petition is untimely, and thus grants Respondent's Motion to Dismiss.

**I. Timeliness of the Petition for Writ of Habeas Corpus**

Under § 2244(d)(1), a one-year statute of limitations applies to the filing of a habeas corpus petition by a person in custody pursuant to the judgment of a state court. This limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [2] 28 U.S.C. § 2244(d)(1)(A).

---

[2] Section 2244(d)(1) lists three other possible start dates for this limitations period:
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

Following his conviction, Petitioner appealed to the state appellate court. The appellate court affirmed the judgment of his conviction on June 30, 1997. (Doc. 1 at 2). Following the state appellate court's decision, Petitioner did not file a PLA. (Doc. 1 at 2). A PLA must be filed within twenty-one days of the state appellate court's judgment. Ill. S. Ct. Rule 315(b) (1996). [3] Therefore, Petitioner's conviction became final on July 21, 1997, and Petitioner had one year from that date to file a timely § 2254 petition. 28 U.S.C. § 2244(d)(1)(A).

A pending postconviction petition can toll the statute of limitations for filing a § 2254 petition: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year period of limitations. 28 U.S.C. § 2244(d)(2). Petitioner filed a postconviction petition on December 9, 2009, approximately twelve years after the date of final judgment. (Doc. 1 at 2-3). However, a postconviction proceeding that is not filed until after the federal period of limitations has expired cannot toll the limitations period. *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Therefore, Petitioner's postconviction petition did not toll the statute of limitations for filing a § 2254 petition, as the period of limitations

---

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1). Petitioner does not assert that any of these are applicable in the present case, and none appear to be.

[3]   This twenty-one-day deadline was changed to thirty-five days pursuant to a February 2006 amendment, effective July 1, 2006. In 1997, the twenty-one-day deadline was applicable.

for such a petition had expired in 1998, long before the postconviction petition was filed. Thus, the Court finds that the instant Petition is untimely.

## II. Equitable Tolling

In his Response, Petitioner argues that the Motion to Dismiss should be denied in spite of the Petition's untimeliness because "exingent [sic] circumstances . . . hindered his ability to follow all procedural procedures." [4] (Doc. 18 at 1). To support this claim, Petitioner sets forth numerous circumstances he feels justify his delay: 1) he did not have access to Illinois case law, procedures, or contact information for Illinois attorneys until 2006; 2) his court-appointed trial attorney did not discuss procedures with him; 3) Petitioner's appellate counsel only corresponded with Petitioner by mail, and did not explain procedures or PLAs to Petitioner; 4) Petitioner could not afford an attorney and thus had to rely on the prison law library and other inmates for legal information; 5) Petitioner filed a postconviction petition after "diligently pursuing assistance," but the petition was denied; 6) appellate counsel did not discuss untimeliness with Petitioner; 7)

---

[4] In addition to arguing that exigent circumstances prevented Petitioner from filing a timely petition, Petitioner argues that the judgment against him is void, and thus the statute of limitations for filing a § 2254 petition does not apply in his case. A judgment is void if it is entered by a court lacking proper jurisdiction over the case, and can be "attacked at any time, in any court . . . provided that the party is properly before the court." *People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66, 69-70 (1994).

In his Petition, Petitioner says that he was not given proper notice of the State's intent to enhance Petitioner's sentence, and that the trial court thus did not have jurisdiction over his case. (Doc. 1 at 8). This alleged error did not deprive the trial court of jurisdiction, nor did it render the court's judgment void; ordinary mistakes in the application of law do not void a judgment. Petitioner's meritless argument would effectively erase the statute of limitations from § 2244(d)(1), as all habeas petitions allege mistakes of the sort Petitioner now claims. Therefore, the Court rejects Petitioner's argument that his void-judgment claim is not time-barred.

5

Petitioner filed a PLA, which was denied in January 2012; 8) Petitioner is "law illiterate" and "must put his trust in others to do the right thing and guide him;" and 9) Petitioner tried filing a § 2254 Petition in August 2012, but it was not properly completed and was returned to him. (Doc. 18 at 2-5).

Although Petitioner has not explicitly mentioned equitable tolling, the Court construes the statements made in Petitioner's Response as an argument that equitable tolling should be applied. However, the Court finds that equitable tolling is not justified here.

In *Holland v. Florida*, the Supreme Court held that equitable tolling applies in § 2254 cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "Generally, a [petitioner] seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To justify equitable tolling, the extraordinary circumstances must be "far beyond the [petitioner's] control." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The diligence necessary for equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565 (internal quotation marks omitted).

The Seventh Circuit "rarely deem[s] equitable tolling appropriate," *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003), and has previously set forth a number of circumstances that do not justify equitable tolling. In *Modrowski*, the court found that the negligence or non-responsiveness of a petitioner's attorney does not amount to an extraordinary circumstance justifying equitable tolling. *Id.* at 967-68. "The rationale is that attorney negligence is not extraordinary and clients, even

6

if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski*, 322 F.3d at 968 (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)). Furthermore, a lack of legal knowledge does not justify equitable tolling. *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

The Seventh Circuit has not yet definitively ruled on whether an inadequate law library is extraordinary for the purpose of equitable tolling. *Moore v. Battaglia*, 476 F.3d 504, 507 (7th Cir. 2007); *but see Tucker*, 538 F.3d at 735; *Jones v. Hulick*, 449 F.3d 784, 789. Petitioner argues that while in Michigan, he had no access to Illinois case law or legal materials. (Doc. 18 at 2).

Even if the Court were to assume that lack of access to an adequate law library were an extraordinary circumstance justifying equitable tolling, tolling would still not save Petitioner's Petition. Assuming that the statute of limitations for filing a § 2254 petition was tolled during the time Petitioner was incarcerated in Michigan, the statute of limitations would only have been tolled until March 2, 2006, when Petitioner was transferred to an Illinois prison. Petitioner does not argue that the prison law library in Illinois was inadequate, and in fact mentions that he utilized the law library's resources. (Doc. 18 at 3). Petitioner would have had until March 2007 to file a § 2254 petition, or to file a postconviction petition, which could again toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file a postconviction petition until December 2009. (Doc. 1 at 3). Therefore, the postconviction petition did not toll the statute of limitations for filing a § 2254 petition, even taking possible equitable tolling into account, as that limitations

7

period would have ended in March 2007. *See* 28 U.S.C. § 2244(d)(2). Equitable tolling on the basis of inadequate legal materials, even if it were applied here, would not render the instant Petition timely.

Moreover, the other circumstances Petitioner feels should justify equitable tolling are not extraordinary. His lack of legal knowledge does not justify equitable tolling, as it is not extraordinary. *Montenegro*, 248 F.3d at 594; *Tucker*, 538 F.3d at 735. Further, the alleged inadequacies of his attorneys at both the trial court and appellate court levels are not extraordinary so as to justify equitable tolling. In *Holland*, the Supreme Court stated that "garden variety" claims of attorney neglect, or simple mistakes on the part of an attorney, are not extraordinary enough to justify equitable tolling. *Holland*, 130 S. Ct. at 2564. Instead, "serious instances of attorney misconduct," such as failing to respond to a client over a period of years and denying a client information regarding his case, may justify tolling. *Id*. The mistakes Petitioner alleges do not seem to go beyond "garden variety." Petitioner does not argue that he had no contact with his attorneys, and does not contend that he was denied updates on his case. (Doc. 18 at 2). The alleged inadequacies of Petitioner's attorneys at both the trial court and appellate court levels do not justify equitable tolling, because Petitioner ultimately had the responsibility of overseeing his attorneys' actions. *Modrowski,* 322 F.3d at 967-68. Also, the filing of delayed or untimely petitions is not an extraordinary circumstance that would justify tolling.

Additionally, Petitioner has not shown that he pursued his rights diligently as required to justify equitable tolling. A delay of over a decade from the time Petitioner's conviction became final to the time he filed a postconviction petition,

8

and a further delay of approximately eleven months between the dismissal of Petitioner's postconviction petition and the time he filed the instant § 2254 Petition, does not demonstrate diligence. (Doc. 1 at 2-3); *see Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972-73 (7th Cir. 2011) (finding that a filing delay of almost three times the allowed ninety-day time limit did not amount to diligence for purposes of equitable tolling).

Furthermore, even if lack of access to an adequate law library were an extraordinary circumstance that could justify equitable tolling, Petitioner has not demonstrated that he diligently pursued his rights, and thus equitable tolling does not apply. The tolling standard requires both the existence of some extraordinary circumstance *and* that the petitioner diligently pursued his rights. *Pace*, 544 U.S. at 418. Petitioner does not argue that he lacked access to an adequate law library as of March 2006. Yet, assuming that the limitations period was tolled until March 2006, Petitioner still waited over three years from that date to file a postconviction petition, and then delayed filing the instant Petition until 2012. (Doc 1 at 2-3). Petitioner has not demonstrated that he diligently pursued his rights such that equitable tolling should apply. Further, Petitioner pointing out that he filed other delayed or untimely petitions does not demonstrate that he had been diligently pursuing his rights. Thus, Petitioner has not met the diligence requirement of equitable tolling.

Neither Petitioner's attorneys' alleged inadequacies, nor Petitioner's lack of legal knowledge are extraordinary as required for equitable tolling. Additionally, lack of access to relevant legal materials, even if extraordinary, would not save the

9

instant Petition. Further, Petitioner has not shown that he pursued his rights diligently. Therefore, Petitioner has failed to satisfy the requirements of equitable tolling, and the instant § 2254 Petition is untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court denies a habeas petition on procedural grounds, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

Based upon the record before it, the Court cannot find that reasonable jurists would debate the Court's procedural ruling that the Petition is untimely. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 16) is GRANTED. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED, and the Court DECLINES to issue a Certificate of Appealability.

Entered this <u>30th</u> day of July, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
